UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT C. RUDOLPH, | ) | CIVIL ACTION NO.: |
| Plaintiff | ) | 26-11348 |
| | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | **AND JURY CLAIM** |
| JOSEPH JUSME; and | ) | |
| PILGRIM INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants | ) | MARCH 19, 2026 |

## COMPLAINT

The plaintiff, Robert C. Rudolph, by and through his counsel, RisCassi & Davis, P.C.,

brings this action against the above-named defendants.

## I. PARTIES

1.      At all times pertinent hereto, the plaintiff, Robert C. Rudolph, was a resident of

Glastonbury in the County of Hartford, Connecticut.

2.      At all times pertinent hereto, the defendant, Joseph Jusme, was a resident of

Waltham in the County of Middlesex, Massachusetts.

3.      At all times pertinent herein, the defendant, Pilgrim Insurance Company, with its

principal place of business in Boston, Massachusetts, was engaged in the business of insurance in

Massachusetts.

## II. JURISDICTION AND VENUE

4.      The amount in controversy exceeds the sum or value of $75,000, exclusive of

interests and costs. This civil action is between citizens of different states. The defendants

maintain sufficient minimum contacts with the State of Massachusetts such that the exercise of

jurisdiction over the defendants by Massachusetts courts would not offend traditional notions of

fair play and substantial justice. By reason of the foregoing circumstances, this Court has diversity jurisdiction over this lawsuit. 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this District because all defendants are residents of Massachusetts. 28 U.S.C. § 1391(b)(1).

### III. FIRST COUNT: ROBERT C. RUDOLPH V. JOSEPH JUSME (Negligence)

6. On or about April 26, 2025, at approximately 4:03 p.m., the plaintiff, Robert C. Rudolph, was operating a motor vehicle in a westerly direction on the on-ramp to Interstate 495 North, at or near mile marker 65, which is a public road or highway in Marlborough, Massachusetts.

7. At the same time and place, the defendant, Joseph Jusme, was operating a motor vehicle in a northerly direction on Interstate 495 Northbound Exit 65B off-ramp, at or near mile marker 65.

8. At the same time and place, the defendant, Joseph Jusme, suddenly and without warning, left the roadway, crossed the grass median that divided the roadway, and struck the plaintiff's motor vehicle head-on, thereby causing the plaintiff, Robert C. Rudolph, to sustain and suffer personal injuries and losses.

9. The aforementioned collision, and the personal injuries and losses sustained by the plaintiff, Robert C. Rudolph, were caused by the negligence and carelessness of the defendant, Joseph Jusme, in the operation of his motor vehicle.

10. As a direct and proximate result of the negligence and carelessness of the defendant, Joseph Jusme, the plaintiff, Robert C. Rudolph, was caused to suffer great pain of body and anguish of mind, and has been put to great expense for medical care, and has suffered other compensable claims.

11.

2

### IV. SECOND COUNT: ROBERT C. RUDOLPH V. JOSEPH JUSME (Recklessness)

12.    On or about April 26, 2025, at approximately 4:03 p.m., the plaintiff, Robert C. Rudolph, was operating a motor vehicle in a westerly direction on the on-ramp to Interstate 495 North, at or near mile marker 65, which is a public road or highway in Marlborough, Massachusetts.

13.    At the same time and place, the defendant, Joseph Jusme, was operating a motor vehicle in a northerly direction on Interstate 495 Northbound Exit 65B off-ramp, at or near mile marker 65.

14.    At the same time and place, the defendant, Joseph Jusme, was traveling at an extreme rate of speed, creating a high degree of danger for others traveling on the roadway, including the plaintiff.

15.    At the same time and place, the defendant, Joseph Jusme, consciously disregarded the risks presented by his operation of his motor vehicle.

16.    At the same time and place, the defendant, Joseph Jusme, suddenly and without warning, left the roadway, crossed the grass median that divided the roadway, and struck the plaintiff's motor vehicle head-on, thereby causing the plaintiff, Robert C. Rudolph, to sustain and suffer personal injuries and losses.

17.    The aforementioned collision, and the personal injuries and losses sustained by the plaintiff, Robert C. Rudolph, were caused by the willful, wanton, and reckless conduct of the defendant, Joseph Jusme, in the operation of his motor vehicle.

18.    As a direct and proximate result of the willful, wanton, and reckless conduct of the defendant, Joseph Jusme, the plaintiff, Robert C. Rudolph, was caused to suffer great pain of body and anguish of mind, and has been put to great expense for medical care, and has suffered other compensable claims.

## V. THIRD COUNT: ROBERT C. RUDOLPH V. PILGRIM INSURANCE COMPANY

19.     On or about April 26, 2025, at approximately 4:03 p.m., the plaintiff, Robert C. Rudolph, was operating a motor vehicle in a westerly direction on the on-ramp to Interstate 495 North, at or near mile marker 65, which is a public road or highway in Marlborough, Massachusetts.

20.     At the same time and place, the defendant's insured, Joseph Jusme, a Massachusetts resident, was operating a motor vehicle in a northerly direction on Interstate 495 Exit 65B off-ramp, at or near mile marker 65.

21.     At the same time and place, the motor vehicle operated by the defendant's insured, Joseph Jusme, suddenly and without warning, left the roadway, crossed the grass median that divided the roadway, and struck the plaintiff's motor vehicle head-on, thereby causing the plaintiff, Robert C. Rudolph, to sustain and suffer personal injuries and losses.

22.     The aforementioned collision, and the personal injuries and losses sustained by the plaintiff, Robert C. Rudolph, were caused by the negligence of the defendant's insured, Joseph Jusme, in the operation of his vehicle.

23.     As a direct and proximate result of the negligence of the defendant's insured, Joseph Jusme, the plaintiff, Robert C. Rudolph, was caused to suffer great pain of body and anguish of mind, and has been put to great expense for medical care, and has suffered other compensable claims.

24.     At all times material hereto, the defendant, Pilgrim Insurance Company, insured Joseph Jusme for claims arising from his negligent act pursuant to a motor vehicle insurance policy which carried limits of $50,000 per person/$100,000 per accident.

25.     On or about May 23, 2025, the defendant, Pilgrim Insurance Company, acknowledged receipt of a letter of representation by way of letter to counsel.

26.     Plaintiff sent a written demand for relief, dated August 14, 2025, to the defendant, Pilgrim Insurance Company, pursuant to G.L. c. 93A and 176D, requesting a response within 30 days.  A true copy of that letter is attached hereto and marked "Exhibit A."

27.     The defendant, Pilgrim Insurance Company, failed to respond to said letter within 30 days.

28.     As a result of the defendant's failure to make a timely and reasonable offer of settlement, the plaintiff has been required to file suit against its insured, Joseph Jusme, and to litigate his claims.

29.     The defendant, Pilgrim Insurance Company, has failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, in violation of G.L. c. 93A, § 9 and G.L. c. 176D, § 3(9)(b).

30.     The defendant, Pilgrim Insurance Company, has failed to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear in violation of G.L. c. 93A, § 9 and G.L. c. 176D, § 3(9)(f).

31.     The defendant, Pilgrim Insurance Company, has compelled the plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds in violation of G.L. c. 93A, § 9 and G.L. c. 176D, § 3(9)(g).

32.     The defendant, Pilgrim Insurance Company, has failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable

5

law for denial of a claim or for the offer of a compromise settlement in violation of G.L. c. 93A, § 9 and G.L. c. 176D, § 3(9)(n).

33. The plaintiff has satisfied all requirements of the presentment of his claims under G.L. c. 93A and c. 176D.

34. The acts of the defendant, Pilgrim Insurance Company, were unfair and deceptive acts in violation of G.L. c. 93A.

35. The acts of the defendant, Pilgrim Insurance Company, were willful and knowing acts in violation of G.L. c. 93A.

36. The failure of the defendant, Pilgrim Insurance Company to make a reasonable offer of settlement is a willful and knowing violation of G.L. c. 93A and 176D.

37. The plaintiff has been damaged as a result of the actions of the defendant, Pilgrim Insurance Company.

## VI. JURY DEMAND

38. The plaintiff, Robert C. Rudolph, demands a trial by jury on all issues, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff, Robert C. Rudolph, brings this Complaint against the defendant, Joseph Juseme, for personal injuries and prays for a judgment against the defendant for:

a)    compensatory damages and costs;

b)    such other relief as the Court deems appropriate or to which the plaintiff is entitled by law.

**WHEREFORE**, the plaintiff, Robert C. Rudolph, brings this Complaint against the defendant, Pilgrim Insurance Company, for personal injuries and prays for a judgment against the defendant for:

a)    compensatory damages and costs;

b)    multiple damages in accordance with G.L. c. 93A § 9 and G.L. c. 176;

c)    attorneys' fees, interests and costs as permitted by law.

Respectfully submitted,
**ROBERT C. RUDOLPH**
By his attorney,


_____/s/ Ryan K. Sullivan_____
Ryan K. Sullivan
Federal Bar No.: 708598
RisCassi & Davis, P.C.
91 South Main Street
West Hartford, Connecticut 06107
(860)-522-1196
 rsullivan@riscassidavis.com